UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE MORRIS,

                               **Plaintiff,**

  vs.                                            5:16-CV-601
                                                         (MAD/TWD)

JASON SEWARD, *Police Officer, sued in individual capacity*; and ESTATE OF JASON A. MARTIN,

                               **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**BROWN, HUTCHINSON LAW FIRM**     **T. ANDREW BROWN, ESQ.**
925 Crossroads Building                      **KIMBERLY J. CAMPBELL, ESQ.**
Two State Street
Rochester, New York 14614
Attorneys for Plaintiff

**THE REHFUSS LAW FIRM, P.C.**         **ABIGAIL W. REHFUSS, ESQ.**
40 British American Blvd.                   **STEPHEN J. REHFUSS, ESQ.**
Latham, New York 12110
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging malicious prosecution and deprivation of his right to a fair trial. Currently before the Court are Plaintiff's motions *in limine*.

### II. BACKGROUND

In the early morning hours of August 9, 2012, Albany Police Department ("APD") Officer Jason Martin conducted a traffic stop of Plaintiff's vehicle at the intersection of Elk Street and

Lark Street in the City of Albany for failure to signal in violation of Vehicle and Traffic Law ("VHT") § 1163. During the traffic stop, Plaintiff allegedly appeared intoxicated and was discovered to be hiding an open bottle of champagne.

Plaintiff admitted to consuming two glasses of champagne and marijuana on the night of the incident just prior to being pulled over by Officer Martin. At this point, Officer Martin called for backup. When Officer Kuhn arrived on the scene, the two officers asked Plaintiff to exit the vehicle. Plaintiff refused to exit the vehicle and, instead, fled in his vehicle westbound on Elk Street at a high rate of speed until eventually crashing into the buildings at 77 and 79 Lexington Avenue.

As Plaintiff took off in his vehicle, Officers Martin and Kuhn ran back to their patrol cars and began traveling westbound on Elk Street in pursuit of Plaintiff. Officer Martin traveled westbound on Elk Street while Officer Kuhn began heading northbound onto Henry Johnson Boulevard. When Officer Martin arrived at the scene of the crash on Lexington Avenue, he observed Plaintiff outside the passenger side door of the vehicle allegedly discarding two plastic bags from his pockets before fleeing the scene on foot. At the time of the incident, Plaintiff was wearing a red shirt and blue jeans.

As Plaintiff fled on foot, Officer Martin called out via radio that the vehicle had crashed into a building on Lexington Avenue, that Plaintiff was running from the vehicle eastbound through the yards between Elk Street and Sheridan Avenue, and that Plaintiff had something in his hand. As Plaintiff fled on foot, a perimeter was established and K9 tracking was initiated. Officers Kuhn and Martin assisted in the K9 tracking of Plaintiff, which led them to the rear of 99 Sherman Street where fresh blood was observed on the handle of the rear door of the residence.

After knocking on the door of the residence, a woman answered the door, at which point Officer Kuhn observed blood droplets in plain view inside the kitchen area. Upon seeing this, the resident granted permission to Officer Kuhn and other assisting officers to search the residence. Officer Martin set a perimeter on the house with other assisting officers.

While Officer Kuhn and additional officers were conducting a sweep inside the residence, perimeter units radioed that there was a black male subject wearing no shirt and shorts, later positively identified as Plaintiff, climbing out onto the roof of the residence from an upstairs bedroom window. Sgt. Britt and Officer Boayke climbed out on to the roof and took Plaintiff into custody. Plaintiff was then taken to Albany Medical Center to receive treatment for his injuries sustained in the crash.

Officer Cohen was the first responding officer to arrive at the scene of Plaintiff's crashed vehicle. Officer Cohen stood by the vehicle and maintained scene security until additional units arrived. When additional units arrived, officers conducted a canvas of the immediate area where the vehicle had crashed. Officers Decker, Seward and Burnham conducted a check near the vehicle and the surrounding area. During their search, they discovered two small transparent bags on the ground in plain sight allegedly containing a quantity of cocaine, one of which was located directly next to the vehicle and the other which was located in the area in front of 78 Lexington Avenue. A red shirt was also located in the rear of 78 Lexington Avenue.

One of the recovered bags contained six (6) individual pieces of crack cocaine. The other bag contained thirty-seven (37) individual pieces of crack cocaine. The cocaine was field tested by Officer Seward with positive results.

Based on Officer Martin's observations, the location where the drugs were found, the quantity found, and the manner of its packaging, Plaintiff was charged with Criminal Possession

of a Narcotic Drug with Intent to Sell; Criminal Possession of a Controlled Substance; and Criminal Trespass in the Second Degree. Plaintiff was also charged with various VTL violations. Plaintiff was arraigned on these charges on the morning of August 29, 2012.

On February 1, 2013, Plaintiff was indicted for two counts of Criminal Possession of a Controlled Substance in the Third Degree, which were the sole charge that Plaintiff was prosecuted for. The case went to trial and Plaintiff was acquitted of both felony narcotics counts on or about October 2, 2013. Plaintiff was convicted of Aggravated Unlicensed Operation in the Third Degree at that same trial, but this conviction was subsequently dismissed by a judge of the Albany County Supreme Court.

In his complaint, Plaintiff alleges that, after he ran from the site of the motor vehicle crash, Officer Martin and/or Officer Jason Seward planted narcotics near Plaintiff's crashed vehicle, thereby fabricating evidence, which forms the basis for his two remaining claims.

### III. DISCUSSION

**A.      Standard of Review**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94 Civ. 5220, 1998 WL 665138, \*3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as

"the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

B.  **Spoliation Sanctions**

In his first motion *in limine*, Plaintiff seeks spoliation sanctions for Defendants' alleged failure to preserve the dash camera footage from decedent Jason Martin's patrol car from the night of the incident. *See* Dkt. No. 115 at 1. Plaintiff claims that, while he was provided with seven videos with dash camera footage during discovery, Defendants failed to provide any footage from Officer Martin's dash camera, which is significant since he is the officer who made the initial traffic stop at issue and is the officer who alleged to have seen Plaintiff discard two plastic bags containing crack cocaine. *See id.* In response, Defendants contend that, on August 9, 2012, Officer Martin was assigned to a "reserved unit" vehicle (R-6), since his regular patrol car, Unit 214, was out of service for repairs. *See* Dkt. No. 119 at 1-2. Defendants explain that in 2012, "reserved units" were not equipped with dash cameras and, therefore, no dash camera video from Officer Martin's patrol vehicle was available. *See id.* In support of Defendants' position, they have provided the Albany Police Department Pursuit Report created by Officer Martin following Plaintiff's arrest, which provides that he was assigned to patrol vehicle R-6, and indicates that there was no dash camera. *See id.*

Since there was no dash camera in the patrol vehicle Officer Martin was operating on August 9, 2012, Plaintiff is not entitled to spoliation sanctions. Accordingly, the Court denies Plaintiff's motion for spoliation sanctions.

C.  **Report of Investigation**

In his second motion *in limine*, "Plaintiff seeks to admit into evidence as a public record or report, the Albany Police Department's Office of Professional Standards Report prepared in

response to a Civilian Complaint submitted by Plaintiff on or about July 31, 2013[,] and the statements given by officers of the Albany Police Department in response to the investigation[.]" Dkt. No. 116 at 1.  Plaintiff contends that this report is admissible under Rule 803(8)(A)(iii) as a record or statement of a public office since it contains the factual findings from a legally authorized investigation.  *See id.*  In response, Defendants indicate that they do not object to the admissibility of the six (6) page report.  *See* Dkt. No. 121 at 2.  Defendants do object to the introduction of the Intra Departmental Correspondences submitted to the Office of Professional Standards as part of its investigation.  *See id.*  Defendants argue that, assuming that the officers who created these correspondences will testify at trial, their statements are duplicative and cumulative of their trial testimony.  *See id.*

Since Plaintiff has not provided the Court with the report or the correspondence it seeks to admit at trial, the Court is unable to determine its relevance or whether introduction at trial would be unduly prejudicial to Defendants.  Accordingly, the Court will reserve decision on Plaintiff's second motion *in limine*.

**D.   Prior Criminal Convictions**

In his third motion *in limine*, Plaintiff contends that Defendants should be precluded from offering evidence of his prior criminal convictions since this evidence would be unduly prejudicial and would simply go to proving his character for criminal propensity.  *See* Dkt. No. 117 at 1-3. In response, Defendants argue that Plaintiff's 2014 conviction for Criminal Possession of a Weapon in the Second Degree, for which he was sentenced to a term of thirteen-years imprisonment, is admissible under Rule 609(a).  *See* Dkt. No. 120 at 1-2.  Defendants further acknowledge that Plaintiff's 1999 and 2000 convictions for Criminal Possession of a Loaded Firearm in the Third Degree and Criminal Sale of a Controlled Substance in the Third Degree,

respectively, are likely beyond the ten-year look back provision of Rule 609 and, therefore, not admissible for impeachment.  *See id.*  Finally, Defendants argue that the officers "should be allowed to testify of their prior knowledge of the Plaintiff, his previous arrests and convictions, to the extent that knowledge affected their interactions with the [P]laintiff as well as the manner in which he was approached and the precautions they felt were necessary to take in his apprehension and arrest."  *Id.* at 2.

Federal Rule of Evidence 609(a)(1) provides that, for the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime "punishable by death or by imprisonment for more than one year ... must be admitted, subject to Rule 403, in a civil case."  Fed. R. Evid. 609(a)(1).  In other words, the court must admit the "name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"  *United States v. Estrada*, 430 F.3d 606, 620-21 (2d Cir. 2005) (citing Fed. R. Evid. 403).

Where over ten years have passed since the witness's past felony conviction or release from confinement for it, Rule 609(b) provides that the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and ... the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."  Fed. R. Evid. 609(b). In balancing probative value against prejudicial effect under Rule 609, courts examine: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the

credibility of the witness." *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997) (citations omitted). "Although all of these factors are relevant, 'prime among them is the first factor, *i.e.*, whether the crime, by its nature, is probative of a lack of veracity.'" *United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) (quoting *United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977)) (alterations omitted). The district court has "wide discretion to impose limitations on the cross-examination of witnesses," *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002), which includes the discretion to "exclude the nature or statutory name of the offense, ... [or] the length of the sentence when its probative value is outweighed by its prejudicial effect," *Brown*, 606 F. Supp. 2d at 312.

"Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *Estrada*, 430 F.3d at 618. Violent crimes such as murder, conspiracy, robbery, and weapons possession are generally not particularly probative as to honesty or veracity. *See id.* at 617-18 (noting that convictions for violent or assaultive crimes generally do not relate to credibility). However, "crimes requiring planning or preparation bear more strongly on veracity than violence alone suggests because planning indicates deliberate and injurious violations of basic standards rather than impulse or anger, and usually it involves some element of deceiving the victim." *Id.* at 618 (internal quotation omitted).

In the present matter, the Court finds that Plaintiff's 2014 conviction for Criminal Possession of a Weapon in the Second Degree, for which he was sentenced to a term of thirteen-years imprisonment, is admissible under Rule 609(a)(1). Plaintiff's conviction occurred within the last ten years and, in fact, Plaintiff is still in custody pursuant to the sentence imposed in that case. "Having concluded that these convictions are not presumptively barred under Rule 609(b),

and not presumptively admissible under Rule 609(a)(2), the Court must now undertake the balancing of factors required under Rule 609(a)(1)." *Espinosa v. McCabe*, No. 9:10-CV-497, 2014 WL 988832, *4 (N.D.N.Y. Mar. 12, 2014).

Initially, the Court notes that a conviction for Criminal Possession of a Weapon in the Second Degree is not particularly probative as to honesty or veracity. Second, Plaintiff's weapon possession conviction is approximately seven-years old and the conduct at issue in that case occurred while Plaintiff was awaiting trial on the charges that form the basis for this case. As such, the Court finds that this factor weighs in favor of admission. Moreover, since the weapons possession charge is not, on its face, similar to the charges at issue in this case, admission of conviction would not be unduly prejudicial. Finally, Plaintiff's credibility is of central importance in this case as much of Plaintiff's case hinges on his own testimony. As such, this factor weighs in favor of admitting the convictions for impeachment purposes.

Considering all of the factors and Rule 403, the Court denies Plaintiff's motion *in limine* seeking to preclude his prior criminal convictions is denied as to the 2014 conviction for Criminal Possession of a Weapon in the Second Degree. Accordingly, Defendants will be permitted to question Plaintiff regarding the name, date, and sentence received for this conviction, but they are precluded from eliciting testimony with respect to the underlying facts of the conviction. Plaintiff's motion is granted, however, insofar as Defendants are precluded from introducing evidence relating to Plaintiff's 1999 and 2000 convictions, as such evidence is subject to Rule 609(b) and would be unduly prejudicial and cumulative.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's first motion *in limine* (Dkt. No. 115) is **DENIED**; and the Court further

**ORDERS** that the Court **RESERVES DECISION** on Plaintiff's second motion *in limine* (Dkt. No. 116); and the Court further

**ORDERS** that Plaintiff's third motion *in limine* (Dkt. No. 117) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 30, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge